SCHOTT, Judge.
Defendant, David Howard, has appealed from a judgment in favor of plaintiff, The City of New Orleans, enjoining him from operating a welding business in his home which is in an area zoned for residential use. The issues are whether defendant’s use of the property was a legal non-conforming use and thus exempt from residential use restrictions and whether the City’s action to enjoin defendant’s use was barred by the prescription of two years provided by LSA-R.S. 9:5625.
It was incumbent upon defendant to prove that his property was used for welding or similar commercial purposes prior to the adoption of the zoning ordinance in 1970 in order for the premises to qualify as a non-conforming use. The record establishes that defendant began his welding business when he rented the premises in 1972 but there is no evidence to support the existence of similar commercial activity on the premises prior to that date. The testimony of the then owner of the property who rented it to defendant in 1972 and subsequently sold it to him was vague with respect to his use of the property in connection with a trucking or house-moving business. We conclude that defendant did not carry his burden of proving that the nonconforming use predated the adoption of the zoning ordinance.
The more important issue involves prescription. R.S. 9:5625 provides as follows:
“All actions civil or criminal, created by statute, ordinance or otherwise, . . . must be brought within two years from the first act constituting the commission of the violation; .. . provided further that with reference to violations of use regulations all such actions, civil or criminal, . . . must be brought within two years from the date the parish, municipality and their properly authorized instrumentality or agency, if such agency has been designated, first had been actually notified in writing of such violation . . . . ”
In 1975 a complaint was made to the City regarding defendant’s welding activities on the premises and criminal proceedings were instituted against him in the municipal court. When the matter was ready to go to trial in July, 1975, the case was dismissed, apparently in exchange for defendant’s agreement to discontinue his operations. There is a conflict in the testimony of a *720 number of witnesses who testified on both sides as to how long the activities were discontinued, but defendant admitted that he stopped for two or three days and insisted that he operated continuously after that until the day of the trial.
A number of the City’s witnesses testified that no welding activities took place on the premises from 1975 until 1977, when they again complained to the City. City files show that inspection was made in 1977 but no welding activities were found. Finally, a complaint was made to the City in 1978 which precipitated the present suit. We do not have the benefit of the trial judge’s determination as to whether he believed the City’s witnesses or the defendant’s who testified that he never did cease his welding activities from the time he began in 1972. However, in view of defendant’s own admission that he ceased operations for two or three days after he was brought to court in 1975, we are satisfied that the statute of limitations was interrupted and a new prescriptive period could not begin to run without another written notice being given to the City.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.