498 So.2d 773 (1986)
CITY OF NEW ORLEANS
v.
John J. ELMS, Jr., Joyce Elms Benchabbat and Jacques Benchabbat.
No. CA-5203.
Court of Appeal of Louisiana, Fourth Circuit.
November 14, 1986.
Rehearing Denied December 10, 1986.
*774 William R. Pitts and Barbara Bennett Blackburn, Liskow & Lewis, New Orleans, for plaintiffs-intervenors/appellants.
Kathy Lee Torregano, Asst. City Atty., and Okla Jones, II, City Atty., New Orleans, for plaintiff/appellant.
Nat G. Kiefer, Jr. and Jerry B. Jordan, New Orleans, for defendants/appellees.
Before GULOTTA, LOBRANO and ARMSTRONG, JJ.
LOBRANO, Judge.
The City of New Orleans (City) seeks to enjoin defendants from operating a commercial business at 3029 St. Charles Avenue in violation of the Comprehensive Zoning Ordinance. Defendants successfully argued in the lower court that the City's action was prescribed by the two year provisions of R.S. 9:5625, and that their property enjoys a legal non-conforming use status. The St. Charles Avenue Association and Garden District Association intervened (intervenors) seeking the same relief as the City. The City and intervenors have perfected this appeal.
There are two issues to be decided by this Court. First, is the action prescribed, and second, is defendant's use a legal non-conforming use permitted by the ordinance?
For purposes of our decision we accept the following findings of fact by the trial judge. Defendants' property is situated in a "RM-3" multiple family residential district. Sometime in 1969 defendants began the operation of a tour, party or reception hall business. Wedding receptions, Mardi Gras and Christmas parties were the bulk *775 of that business. It is undisputed that those uses violate the RM-3 designation of the Comprehensive Zoning Ordinance of 1970.

PRESCRIPTION
La.R.S. 9:5625, enacted by La.Acts 1956, No. 455, established a prescriptive period of two years within which a municipality may seek to enforce compliance with its zoning laws. In cases of violation of a use regulation, prescription runs from the date "... the parish, municipality or their instrumentality first had knowledge of such violation...." In 1972 the legislature amended that act to provide that the prescriptive period would commence from the date the municipality or their designated instrumentality first had been actually notified in writing of such violation.
The City's suit was filed on November 18, 1983. The record reflects that the Department of Safety and Permits were first notified in writing of the use violation on or about May 5, 1983. Clearly, the suit was timely under the current version of R.S. 9:5625.
However, defendants argue that the pre-1972 version of the statute is applicable, and that the City did have notice of the use violation more than two years prior to their suit. The basis of their argument is the affidavit of a Lt. Ernest Simoneaux wherein he states that he was hired as an "off duty policeman" at defendants' premises on numerous occasions from March 1969 through November 1972 for the purposes of protecting the property while receptions or tours were being held. Defendants argue that the knowledge of Simoneaux is sufficient knowledge on the part of the City or its instrumentality, i.e. the Police Department, to commence the running of prescription. In particular they cite a portion of Article XXXI of the 1953 Zoning Ordinance (in effect in 1969) which provides that "... it shall also be the duty of all officers and employees of the City, especially of all members of the Police Department to assist the Director by reporting to him upon new construction, reconstruction or land uses or upon seeming violations."
We reject defendants' arguments for several reasons. The party urging prescription has the burden of proving his plea. Jefferson Parish v. Groetsch, 256 So.2d 722 (La.App. 4th Cir.1972). Defendant's proof consists solely of Simoneaux's affidavit.[1] That affidavit does not establish that Simoneaux was a police officer for the City at the time he was employed by defendants, nor did it establish that he was aware the receptions or tours constituted commercial activities in violation, or even possible violation, of zoning restrictions. Furthermore, Mrs. Benchabbat, one of the defendants, admitted that her business was not advertised, there were no signs or other markings near the residence which would have indicated that the property was being used on a commercial basis, and that she did not file any application for occupational licenses or any other written documents with the City which would have indicated the use of the property. In addition, a building permit was filed by one of the defendants in 1979 which identified the use of the building as a single family dwelling.
Under these circumstances, we will not impute knowledge to the City of a use violation so as to commence the running of prescription. We also reject the laches argument of defendants. They contend that because of the City's policy to purge its records every six years they (defendants) are estopped from proving knowledge of the use violation. We disagree. Laches is predicated on delay and the effect of enforcing long neglected rights. Defendants bear the burden of establishing knowledge on the part of the City, and thus commencement of prescription. Presumably, this can be accomplished *776 in many ways, and not solely from the City's records. The City cannot be precluded from asserting lack of knowledge simply because, in purging their records, they "may" have destroyed evidence favorable to defendants.

NON-CONFORMING USE
Admittedly, defendants' use of their property at 3029 St. Charles Avenue is a violation of the 1970 Comprehensive Zoning Ordinance. They argue, however, that the use pre-existed the ordinance and therefore constitutes a valid non-conforming use. The City argues first, that the use did not pre-date the 1970 ordinance, and alternatively, if it did, then it was a non-permitted use under the 1953 Ordinance, and hence could not become permissible with the adoption of the 1970 Ordinance.
A use which lawfully existed prior to the enactment of a zoning ordinance, and which is maintained after the effective date of the ordinance although not in conformity with the use restrictions applicable to the area in which it is situated, is commonly referred to as "non-conforming use". Redfearn v. Creppel, 455 So.2d 1356 (La.1984). The permitted continuation of a non-conforming use is designed to avoid the hardship, injustice and doubtful constitutionality of compelling the immediate removal of objectional buildings and uses already in the area. Redfearn, supra.
The trial court found that defendants' use began in 1969 and pre-dated the 1970 ordinance. Assuming arguendo that those findings are correct, the City argues that the 1969 use was illegal under the 1953 Ordinance, and therefore cannot be made valid with the passage of the 1970 Ordinance. We find merit in this argument, and reverse the trial court.
Under the 1953 Ordinance defendants' property was zoned D-Multiple Family District. A review of Articles VIII, IX, X and XII of that ordinance shows permitted uses that include boarding and lodging houses, tourist homes, apartment hotels and fraternity, sorority and private clubs. There is no provision for a party or reception hall. Defendants argue that, even though their use is not specifically permitted, it should be validated by analogy to those uses which are recognized. They also argue that the 1953 Ordinance did not specifically exclude their activity.
We are not unmindful of the well recognized rule that zoning ordinances are in derogation of the rights of private ownership and, therefore must be strictly construed in favor of the use proposed by the owner. City of West Monroe v. Ouachita Ass'n, etc., 402 So.2d 259 (La.App. 2nd Cir.1981). However, we are also of the opinion that the uses permitted in a zoning ordinance should not be expanded by analogy. A zoning ordinance, by its very nature, sets forth the uses permitted and does not have to specifically exclude every non-permitted use. See, Article V, Sec. 1 of the 1953 Ordinance. The permitted uses to which defendants analogize are tourist homes, and boarding or lodging houses. Reviewing the definitions of those uses in the 1953 Ordinance this Court points out that both provide for no more than 15 rooms with sleeping facilities, where meals and lodging are provided for not more than twenty persons. An apartment hotel is defined as catering to permanent tenants, and not transients. The private party or reception hall business conducted by defendants is not similar to the residential type uses of a tourist or lodging home. It is not compatible with the dwelling uses permitted by the D-Multiple Family District classification. We therefore hold that the activities conducted by defendants in 1969 were in violation of the uses permitted by the 1953 Ordinance.
Article 12, Section 8 of the Comprehensive Zoning Ordinance of 1970 provides:
"A structure erected, converted or structurally altered in violation of the Ordinance which this Ordinance amends shall *777 not be validated by the adoption of this Ordinance unless the zoning classification of the land upon which the zoning violation exists is changed to a classification wherein the use is permitted and the regulations of the district automatically eliminates the violation status of the use in question as of the effective date of adoption."
We interpret this provision to mean that if a use was not permitted under the prior (1953) ordinance, it will be validated by the new (1970) ordinance only if permitted under that new ordinance. This interpretation is consistent with the principle that a non-conforming use should be permitted subsequent to the enactment of a zoning ordinance where that use was perfectly valid prior to the enactment. However, as in the instant case, a party cannot urge non-conforming use status where the use was prohibited prior to the ordinance's passage. We distinguish City of New Orleans v. Howard, 406 So.2d 718 (La.App. 4th Cir. 1981) relied on by defendants. The sole question in Howard was whether the defendant was conducting his non-conforming use prior to the 1970 Ordinance. Since the court found he was not, it was not necessary to determine if pre-1970 activity violated the 1953 Ordinance.
Since a hearing on a preliminary injunction cannot be converted to a permanent injunction hearing without a stipulation of the parties to the contrary, Springlake Homeowners Association, Inc. v. Pecot, 321 So.2d 789 (La.App. 4th Cir.1975), it is necessary to remand to the district court for further proceedings.
Accordingly, we reverse the judgment of the trial court, and render the following decree:
IT IS ORDERED, ADJUDGED AND DECREED that a preliminary injunction issue herein enjoining defendants from operating a reception hall, tour or party business on a commercial basis at 3209 St. Charles Avenue. We remand for further proceedings.
REVERSED, RENDERED AND REMANDED.
NOTES
[1] Numerous affidavits were submitted in evidence by defendants pursuant to stipulation prior to trial with the City. We do not address the evidentiary problems raised by the intervenors because of the result reached.