KNOLL, Judge.
Gloria Ober filed for partition of her former husband’s military retirement pay. Clayford Bounds filed a declinatory exception of lack of personal jurisdiction which was sustained by the trial court. We affirm.
Plaintiff, Gloria Ober, married Clayford Bounds in Houston, Texas, in January of 1955. Defendant was domiciled in Mississippi, but was stationed in Texas pursuant to his military duty. Plaintiff and defendant lived in various states, including Mississippi, while defendant was in the Air Force. Defendant retired and moved to Rapides Parish, Louisiana, and purchased a home. It is not clear how long plaintiff and defendant lived in Louisiana, but defendant re-enlisted in the Air Force and again he and plaintiff lived in various locations, the last being the Philippines. At this last location, plaintiff separated from defendant and she returned to Rapides Parish, Louisiana. Defendant remained in the Philippines until he retired again, at which time he moved back to Mississippi.
In the Fall of 1973, defendant filed suit for divorce against plaintiff in the Chancery Court of Pearl River County, Mississippi. This divorce became final on October 9, 1973. As part of the divorce decree, plaintiff received the property located in Rapides Parish, Louisiana, and defendant received the property that had been acquired in Mississippi. Plaintiff had taken part in these proceedings and had been represented by legal counsel.
Plaintiff contends the trial court erred in granting defendant’s declinatory exception of lack of personal jurisdiction and dismiss *249 ing her case since the court in fact did have jurisdiction in accordance with applicable law. We disagree.
At one time, federal law precluded the application of state law to divide military retirement benefits. McCarty v. McCarty, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981). However, in 1982 Congress enacted the Uniformed Services Former Spouses’ Protection Act (USFSPA), 10 U.S.C.A. Sec. 1408 to overrule McCarty. Under 10 U.S.C.A. Sec. 1408(c)(1), the states may apply their own marital property laws to military retired pay.[1] Gowins v. Gowins, 466 So.2d 32 (La.1985).
The application of USFSPA is limited to courts with jurisdiction over the military service member. 10 U.S.C.A. Sec. 1408(c)(4) provides:
“A court may not treat the disposable retired or retainer pay of a member in the manner described in paragraph (1) unless the court has jurisdiction over the member by reason of (A) his residence, other than because of military assignment, in the territorial jurisdiction of the court, (B) his domicile in the territorial jurisdiction of the court, or (C) his consent to the jurisdiction of the court.”
Therefore, in order for a Louisiana court to apply its law on matrimonial regimes to military pensions, the service member must be a Louisiana domiciliary, a Louisiana resident, apart from military assignment, or the member must have consented to the Louisiana court’s exercise of jurisdiction. Gowins v. Gowins, supra.
Defendant has not consented to the jurisdiction of the trial court in that he has filed a declinatory exception of lack of personal jurisdiction. Also, the record reflects that he is a resident of Mississippi, which fact plaintiff admits in her petition for partition. Thus, unless defendant is a domiciliary of Louisiana, the trial court was correct in sustaining defendant’s exception.
A change in domicile occurs when there is a change in actual residence accompanied by an intention to make a new principal establishment or home. Messer v. London, 438 So.2d 546 (La.1983); Successions of Rhea, 227 La. 214, 78 So.2d 838 (1955). There is a presumption against change of domicile and one who acquires a new domicile has the burden of proving a change. Succession of Barnes, 490 So.2d 630 (La.App. 2nd Cir.1986); In re Adoption of Rials, 220 La. 484, 56 So.2d 844 (1951). A member of the military is presumed to retain the domicile of his home state. LSA-C.C. Art. 46; Howard v. Howard, 499 So.2d 222 (La.App. 2nd Cir.1986); Biri v. Biri, 192 So.2d 862 (La.App. 4th Cir.1966).
In Southern v. Glenn, 677 S.W.2d 576 (Tex.App. 4 Dist.1984), a case almost on point with the present case, the husband, a Mississippi domiciliary stationed in Texas, was divorced in Texas, but the divorce decree did not provide for partition of the husband’s military pension. The wife then filed a separate suit to partition the husband’s military retirement pay, and the husband contested jurisdiction. It was held that there was no jurisdiction under 10 U.S.C.A. Sec. 1408(c)(4). The husband had returned to his domicile in Mississippi immediately after the divorce. There was no consent to jurisdiction, because the partition suit was a separate and independent cause of action under Texas law.
In the case sub judice, defendant and plaintiff purchased a house in Rapides Parish in the early 1960’s after defendant retired from the Air Force. He re-enlisted in the Air Force and the only contact he retained with Louisiana was that he and his wife co-owned some property in Rapides Parish. Shortly after re-enlisting, defendant and his wife separated. When he retired again, he returned to Mississippi, his original domicile. He filed for a divorce in Mississippi and gave up all his property rights in Louisiana. We do not believe defendant ever acquired a domicile in Loui *250 siana in that owning property in Louisiana without more does not constitute establishment of a domicile. Even if defendant had changed his domicile to Louisiana, he certainly has done enough and given the intention of changing his domicile back to Mississippi. He retired and went to Mississippi; he gave up all his property interest in Louisiana pursuant to a divorce decree obtained in Mississippi; and he retained his property interest in Mississippi.
Therefore, we find the trial court was correct in sustaining defendant’s declinato-ry exception of lack of personal jurisdiction.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.

. 10 U.S.C.A. Sec. 1408(c)(1) provides:
"Subject to the limitations of this section, a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court.”