553 So.2d 1043 (1989)
Harold MILLER
v.
John KNORR, Jr.
No. 89-CA-0486.
Court of Appeal of Louisiana, Fourth Circuit.
November 30, 1989.
*1044 Charles P. Ciaccio, Wessel, Bartels & Ciaccio, New Orleans, for plaintiff-appellee Harold Miller.
Eleanor K. Roemer, Asst. City Atty., New Orleans, for intervenor-appellee City of New Orleans.
Madeleine M. Slaughter, Covington, for defendant-appellant John Knorr, Jr.
Before GARRISON, KLEES and BECKER, JJ.
*1045 KLEES, Judge.
Defendant, John Knorr, Jr., appeals a preliminary injunction based on the violation of a zoning ordinance of the City of New Orleans. We amend and affirm.
The property in question is a building located at XXXX-XX-XX Dumaine Street. On March 10, 1980, defendant filed an affidavit with the Building Inspection Section of the City of New Orleans stating that the building had been used as a three-family dwelling continuously since 1970. The area in which the property is located is zoned for two-family residences (RD-2). Defendant alleges that in 1980 he began using the building as a five-family residence. On March 16, 1983, a Field Inspection Report by the Building Inspection Section shows the building as being used as a three-family residence. An affidavit signed by defendant on August 4, 1987, attests that the building has been used as a three-family residence continuously since 1970. On August 12, 1987, plaintiff Harold Miller, who resides at 4226 Dumaine Street, sent a written complaint to the City of New Orleans alleging that the defendant was in the process of converting the building into a five-family dwelling. A Field Inspection Report dated March 9, 1988, shows the building in question to be a legally non-conforming "tri-plex" but containing five units. A letter was sent by the City on March 10, 1988, demanding that Knorr either reconvert the building at XXXX-XX-XX Dumaine Street into a tri-plex or prove a legal non-conforming five-plex.
Plaintiff filed an action on July 25, 1988, requesting injunctive and declaratory relief. The City of New Orleans intervened on December 5, 1988. A hearing on a preliminary injunction was submitted on affidavits as per court order, and on January 9, 1989, a preliminary injunction was issued against defendant. No further action has been taken in the trial court. Defendant appeals that injunction.
Defendant makes the following contentions in this appeal: (1) the preliminary injunction should not have issued since the action has prescribed; (2) the preliminary injunction is invalid for failure to prove irreparable harm, failure to post a bond, and failure to describe in reasonable detail the act or acts to be enjoined; and (3) costs should not have been assessed against him.
Defendant first argues that this action has prescribed. He claims to have used his building at XXXX-XX-XX Dumaine Street as a five unit dwelling by open and apparent non-conforming usage since 1980. La. R.S. 9:5625 provides that an action for violation of use regulations must be brought within two years of the date the municipality "first had been actually notified in writing of such violation" (italics ours). In the instant case, the City was not actually notified in writing until plaintiff's complaint letter was received on August 14, 1987. This action was brought on July 25, 1988, well within the prescriptive period. See also City of New Orleans v. Elms, 498 So.2d 773 (La.App. 4th Cir.1986); Dudenheffer v. City of New Orleans, 482 So.2d 175 (La.App. 4th Cir.1986); and State v. Baudier, 334 So.2d 197 (La.1976).
Defendant next contends that the preliminary injunction was improper because plaintiff Miller failed to show irreparable injury. However, a showing of irreparable injury is a prerequisite to injunctive relief only where the actions to be enjoined are lawful. City of New Orleans v. National Polyfab Corp., 420 So.2d 727 (La. App. 4th Cir.1982); Bossier v. Lovell, 410 So.2d 821 (La.App. 3d Cir.1982). The violation of a zoning ordinance is unlawful. Thus, irreparable injury need not be proven.
Defendant also contends that the preliminary injunction is invalid because plaintiff Miller failed to post a bond. The City of New Orleans intervened in this case and La. R.S. 13:4581 provides that municipalities are exempt from bond requirements. Therefore, no bond must be filed in this proceeding. Dept. of Conservation v. Reardon, 8 So.2d 353 (La. 1942).
Defendant additionally asserts that the preliminary injunction is void for lack of specificity. La. C.C.P. art. 3605 provides:

*1046 "An order granting either a preliminary injunction or a final injunction or a temporary restraining order shall describe in reasonable detail, and not by mere reference to the petition or other documents, the act or acts sought to be restrained."
Following the preliminary injunction hearing, this judgment was rendered:
"IT IS ORDERED, ADJUDGED AND DECREED that a preliminary injunction issue herein and accordingly let there be judgment herein in favor of Harold Miller and the City of New Orleans, and against John Knorr, Jr., declaring the premises situated at XXXX-XX-XX Dumaine Street to be in contravention of the Comprehensive Zoning Ordinance of the City of New Orleans, in that the structure is currently being used as a 5-family dwelling when it possesses only a legally non-conforming 3-family dwelling status."
This judgment lacks the detailed description of the act or acts sought to be restrained. Indeed there is no language in the judgment which purports to describe any act to be enjoined. Rather, the judgment merely "declares" the property to be in contravention of the zoning ordinance. Although declaratory relief was prayed for in the original petition, the hearing which gave rise to this order was only to "show cause ... why a preliminary injunction should not issue." See "Order" to set hearing issued by Judge Connolly. Thus, declaratory relief was not at issue in the hearing and could not be properly granted without stipulation by the parties to the contrary. The preliminary injunction is therefore invalid for lack of specificity.
However, we find that it is proper for a preliminary injunction to issue in this case. Consequently, we amend the judgment below to provide that the defendant, John Knorr, Jr., is enjoined from use of the premises as a five-family dwelling, a four-family dwelling, or any use other than a legally non-conforming three-family dwelling or as otherwise permitted in an RD-2 zone by the Comprehensive Zoning Ordinance of the City of New Orleans.
Finally, defendant submits that it was improper for the trial court to assess costs against him. However, La. C.C.P. art. 1920 provides that the trial court may render judgment for costs against any party as it may consider equitable. The trial court was within its discretion to assess costs against defendant.
Accordingly, for the reasons stated, the judgment of the trial court is amended to provide that defendant, John Knorr, Jr., is enjoined from use of the premises located at XXXX-XX-XX Dumaine Street as a five-family dwelling, or a four-family dwelling, or any use other than a legally non-conforming three-family dwelling or as otherwise permitted in an RD-2 zone by the Comprehensive Zoning Ordinance of the City of New Orleans and as amended is affirmed. Costs of this appeal to be borne by appellants.
AFFIRMED AND AMENDED.