586 So.2d 737 (1991)
STATE of Louisiana, DEPARTMENT OF TRANSPORTATION & DEVELOPMENT, Plaintiff-Appellee,
v.
The ESTATE of John D. PAYNE, et al., Defendants-Appellants.
No. 90-281.
Court of Appeal of Louisiana, Third Circuit.
October 2, 1991.
Charles W. Seaman, Natchitoches, for defendant/appellant Bayonne.
Edward A. Michel, Baton Rouge, for plaintiff/appellee.
Gahagan & Gahagan, Russell E. Gahagan, Natchitoches, for defendant/appellee Beaudoin.
Before GUIDRY, YELVERTON and KNOLL, JJ.
KNOLL, Judge.
This appeal concerns the trial court's granting of a peremptory exception of no *738 cause of action filed by defendants, Irma Lee Payne and the heirs of Will Payne, Willie Louvenia Payne Beaudoin, Will Payne, Jr., Opal Mildred Payne Jacobs, Dale Lee Payne, Milton Felix Payne, Sr., and Carol Jean Payne, against plaintiffs in cross-claim, Harold J. Bayonne and Susie Marie Bayonne.

FACTS
On August 3, 1982, the State of Louisiana through the Department of Transportation and Development (DOTD) expropriated property belonging to the heirs of John D. Payne and the heirs of Will Payne. DOTD deposited $53,700 into the registry of the court.[1] Both Irma Lee Payne and the children of Will Payne answered their respective expropriation suits and requested additional compensation above the deposited amounts of $31,200 and $22,500, respectively. At the consolidated trial on the merits, the court awarded $119,317.75 to Irma Lee Payne and $89,635.95 to the children of Will Payne, subject to a credit for the amounts deposited into the registry of the court. The date of the judgments was January 28, 1986. No appeals were taken.
On August 10, 1989, thirty months after the judgments were rendered, Harold Bayonne and Susie Marie Bayonne, filed an answer to DOTD's initial petitions of expropriation in both suits and also filed cross-claims against Irma Lee Payne and the children of Will Payne. The Bayonnes allege that they are the filiated children of John D. Payne, were never notified of the expropriation proceedings, and, as heirs, are entitled to a proportionate share from Irma Lee Payne and the children of Will Payne of the awards for the expropriated properties. On December 11, 1989, the trial court granted the peremptory exceptions of no cause of action filed by Irma Lee Payne and the children of Will Payne. The Bayonnes filed this devolutive appeal.

LAW
The peremptory exception of no cause of action tests the legal sufficiency of the petition and for purposes of the trial of the exception all well-pleaded allegations of fact are accepted as true and correct. LSA-C.C.P. Art. 927; Broussard v. Broussard, 544 So.2d 109 (La.App. 3rd Cir.1989), writ denied, 548 So.2d 1248 (La.1989). No evidence may be introduced to support or controvert the objection of no cause of action. LSA-C.C.P. Art. 931. For purposes of ruling on the exception of no cause of action, the court must accept all allegations of the petition as true, and sustain the exception only if the law affords no remedy under any circumstances alleged. Ward v. Tenneco Oil Co., 564 So.2d 814 (La.App. 3rd Cir.1990); Sunbelt Factors, Inc. v. Bank of Gonzales, 481 So.2d 648 (La.App. 1st Cir.1985).
LSA-C.C. Art. 2641 provides that after an expropriation of property, any individual who pretends to have rights regarding the expropriated property as owner or creditor has recourse against the persons who received the compensation.
In the case sub judice, the Bayonnes answered both expropriation suits as heirs of John D. Payne and filed cross-claims against Erma Lee Payne and the heirs of Will Payne alleging that judgments were rendered in this matter in favor of Irma Lee Payne and the heirs of Will Payne in the amounts of $88,103.75 and $67,135.95, respectively. The Bayonnes also alleged that they are entitled to a proportionate share of the expropriation awards.
Considering the allegations of the cross-claimants' petitions and LSA-C.C. Art. 2641, it is clear that they have stated a cause of action as owner against the persons *739 who received the compensation. Therefore we find that the trial court erred in granting the peremptory exception of no cause of action.
In making this determination, we express no opinion concerning any rights the Bayonnes may have against DOTD.
For the foregoing reasons, the judgment of the trial court is reversed and set aside, and this matter is remanded to the trial court for further proceedings.
Costs of this appeal are assessed to all cross-claim defendants.
REVERSED AND REMANDED.
NOTES
[1] In 1962, John D. Payne and his brother, Will Payne, purchased a tract of land located in Natchitoches Parish. Both men later predeceased their respective wives and children. In 1976, the children of John D. Payne and Irma Lee Payne (the surviving spouse of John D. Payne) and the children of Will Payne and Cecilia Payne (the surviving spouse of Will Payne) partitioned the property into northern and southern halfs. In 1977, the children of John D. Payne conveyed their share of the northern one-half to Irma Lee Payne for $1,000. Apparently, in 1981 Cecilia Payne conveyed her share of the southern one-half to one of her children.