617 So.2d 1243 (1993)
LEGISLATION IN SUPPORT OF ANIMALS, Plaintiff-Appellant,
v.
VERMILION PARISH POLICE JURY, Defendant-Appellee.
No. 92-972.
Court of Appeal of Louisiana, Third Circuit.
May 5, 1993.
*1244 Judith Zoble Gardner, Lafayette, for Legislation In Support of Animals.
Paul G. Moresi Jr., Abbeville, for Vermilion Parish Police Jury.
Before LABORDE, THIBODEAUX and SAUNDERS, JJ.
THIBODEAUX, Judge.
Plaintiff, Legislation In Support of Animals (LISA), appeals a trial court judgment sustaining an exception of no cause of action filed by the Vermilion Parish Police Jury, and dismissing its suit with prejudice.
LISA is a New Orleans based, nonprofit corporation. After its Vermilion Parish members complained about conditions at the Vermilion Parish Animal Control Center, and upon the failure of LISA to get the Animal Control Center to discontinue the *1245 alleged cruel treatment of the animals, LISA wrote to Calvin Woodruff, an assistant district attorney, requesting that he inspect the Animal Control Center. Mr. Woodruff received this correspondence on November 27, 1991.
On December 10, 1991, LISA was informed by Mr. Woodruff that he found no violations of state criminal laws. Thereafter, on February 6, 1992, LISA filed a petition for a temporary restraining order (TRO) and permanent injunction. The trial judge denied the TRO and set a hearing date for the permanent injunction.
The Police Jury filed three peremptory exceptions: 1) no interest in the plaintiff to bring the suit; 2) no right of action; and, 3) no cause of action. The exception of no cause of action was sustained, dismissing LISA's action with prejudice.
It is from the judgment of the trial court that LISA appeals asserting the following assignments of error:
1) The trial court erred in finding that LISA's petition fails to state a cause of action;
2) When determining the sufficiency of LISA's petition, it was error for the trial court to consider the assertions made in the Police Jury's Memorandum in Support of Peremptory Exceptions.
3) The trial court erred in its determination that LISA must allege irreparable injury in order to obtain an injunction.
4) It was error for the trial court to dismiss LISA's action with prejudice upon sustaining an exception of no cause of action without, first, allowing LISA the opportunity to amend its petition and attempt to remove the grounds upon which the exception was sustained.
For the following reasons, we find that LISA's first and third assignments of error have merit and we, therefore, reverse and remand.

Peremptory Exception of No Cause of Action
LISA argues that the trial judge was clearly wrong when he failed to apply the legal principles in deciding whether or not to sustain the Police Jury's exception of no cause of action. We agree.
The peremptory exception of no cause of action is a procedural device that tests the legal sufficiency of the petition. For purposes of the trial of the exception, all well-pleaded allegations of fact are accepted as true and correct and for purposes of its determination, all doubts are resolved in favor of sufficiency of the petition. LSA-C.C.P. art. 931; State, DOTD v. Estate of Payne, 586 So.2d 737 (La.App. 3d Cir.1991). Pleadings must be construed reasonably so as to afford litigants their day in court, to arrive at the truth, and to do substantial justice. LSA-C.C.P. art. 865; Kuebler v. Martin, 578 So.2d 113 (La.1991). Every reasonable interpretation must be accorded its language in favor of maintaining the sufficiency of the petition and affording the litigant an opportunity to present his evidence. Kuebler, supra 578 So.2d at 114. No evidence may be introduced by either party to support or to controvert an exception of no cause of action. LSA-C.C.P. art. 931; Ward v. Tenneco Oil Co., 564 So.2d 814, 820 (La.App. 3d Cir.1990), rehearing denied, (La.App. 3d Cir.1990). The test of legal sufficiency is whether under the allegations of the petition, the law affords any remedy for the grievance asserted. Sommers v. Secretary, Department of Revenue & Taxation, 593 So.2d 689, 691 (La.App. 1st Cir.1991), writ denied, 594 So.2d 877 (La.1992). For purposes of ruling on an exception of no cause of action, the court must sustain the exception only if the law affords no remedy under any evidence admissible under the pleadings. Bellah v. State Farm Fire & Cas. Ins., 546 So.2d 601 (La.App. 3d Cir. 1989).
The allegations of LISA's petition are reproduced, in pertinent part, below:
"... Petitioner has conducted a thorough and ongoing investigation into the Animal Shelter facilities, and the methods and practices utilized by the VERMILION PARISH RABIES CONTROL BOARD in the performance of it's [sic] duties to protect the public's health and *1246 safety and to shelter sick, stray and abandoned animals and have documented... activities which are not only considered to be inhumane and cruel by all Humane Society of the United States guidelines but constitute long-standing and ongoing violations of LSA-R.S. 14:102.1, criminal offenses committed on a regular basis by Parish Police Jury Employees:
a. Keeping twenty dogs or more in the "shelter" located off of Louisiana Highway 14 near Abbeville for more than 24 hours without providing sufficient food, water, adequate space, ventilation or light;
b. Keeping animals in small confined places without examining for disease, temperament, size and sex and separate them accordingly; and
c. Destroying the animals by means of filling the "shelter" (ammunition storage facility) with carbon monoxide gas produced by the exhaust from a five horse power motor....
LSA-R.S. 14:102.1 provides in part:
Cruelty to animals
A. Any person who intentionally or with criminal negligence commits any of the following shall be guilty of cruelty to animals:
* * * * * *
(3) Having charge, custody, or possession of any animal, either as owner or otherwise, unjustifiably fails to provide it with proper food, proper drink, proper shelter, or proper veterinary care.
* * * * * *
(5) Impounds or confines or causes to be impounded or confined in a pound or other place, a living animal and fails to supply it during such confinement with proper food, proper drink, and proper shelter.
* * * * * *
(9) Mistreats any living animal by any act or omission whereby unnecessary or unjustifiable physical pain, suffering, or death is caused to or permitted upon the animal...."
The allegations of LISA's petition are clearly sufficient to state a cause of action against the Police Jury. LSA-R.S. 14:102.1 specifically prohibits, in subsection (A)(3), the failure to provide any animal with proper food, drink, shelter, or veterinary care. The fact that LISA's petition did not use the exact wording of the aforementioned subsection is immaterial where an allegation of failure to provide "sufficient" food, water, adequate space, ventilation or light, necessarily connotes that the alleged insufficiency is improper. Furthermore, in paragraph 2, subsection b, the petition alleges the existence of improper shelter where animals are kept in "small confined places." Likewise, paragraph 2, subsection b, relates to LSA-R.S. 14:102.1(A)(9) where there is an allegation as to the manner in which the animals are destroyed.
The trial judge and the Police Jury found it important that LISA's petition also stated violations of LSA-R.S. 3:2461 et seq., a voluntary guideline as to the treatment of animals that Vermilion Parish has not elected to follow. However, pursuant to the legal principles discussed above, an exception of no cause of action should only be sustained if the law affords no remedy under any circumstances alleged. State, DOTD, supra 586 So.2d at 738. LISA's petition does not afford a remedy under the voluntary guidelines, but it does afford a remedy under the criminal statute pertaining to cruelty to animals. Thus, it is irrelevant that Vermilion Parish has not elected to follow the guidelines. If the petition states a cause of action as to any ground or portion of demand, the exception of no cause of action must be overruled. Bellah, supra 546 So.2d at 603.

Irreparable Injury
LISA asserts that the trial judge erred in finding that its petition had to include an allegation of irreparable injury in order to be entitled to an injunction against the Police Jury. We agree.
It is well-settled that it is unnecessary for a party seeking an injunction to allege or prove irreparable injury if the threatened action is a direct violation of prohibitory law. Louisiana Associated *1247 General Contractors, Inc. v. Calcasieu Parish School Board, 586 So.2d 1354 (La. 1991). An allegation and/or showing of irreparable injury is a prerequisite to injunctive relief only where the actions to be enjoined are lawful and fail to be in direct violation of a prohibitory law. Louisiana Associated General Contractors, Inc., supra 586 So.2d at 1359; Miller v. Knorr, 553 So.2d 1043 (La.App. 4th Cir.1989). The violation of the cruelty to animals criminal statute is unlawful. Taking the allegations of LISA's petition as true, the actions of the employees at the Animal Control Center would be in direct violation of LSA-R.S. 14:102.1. Thus, irreparable injury need not be alleged or proven in the instant case. It was error for the trial judge to hold that LISA had to show irreparable injury.

CONCLUSION
For the reasons assigned, the judgment of the district court sustaining the exception of no cause of action is reversed and set aside, the exception is overruled and this action is remanded to the district court for further proceedings in accordance with law. Costs of the appeal are assessed to the defendant-appellee, Vermilion Parish Police Jury, in the amount of $465.48.
REVERSED AND REMANDED.