| iGREMILLION, Judge.
Movers, Sheila Rogers and Michelle S. Straziscar, appeal the trial court’s sustaining of the residual legatee’s, Sheryl Coombs, exception of no cause of action, which dismissed *1060 their Petition to Annul Probated Testament. Rogers and Straziscar[1] are the daughter and granddaughter, respectively, of the decedent, Chauncey Muse. They contend that as forced heirs, the testament of the decedent, which was probated on November 19,1992, is invalid because the terms of the will infringe upon their legitimes. We reverse and remand for further proceedings.
FACTS
Rogers and Straziscar allege that they are the forced heirs of Muse and Rthat at the time of his death, he was domiciled in the State of Louisiana, thereby subjecting his whole estate to forced heirship. However, by the terms of the testament, Rogers was bequeathed the sum of $20,000, and Strazis-car was bequeathed the sum of $2,000. The remainder of the estate, consisting of immovable property in Rapides Parish, a debt from William and Debbie Muse, and $46,371.15, the remaining cash in decedents bank account in Texas, was left to Sheryl Coombs, the decedent’s other daughter. In their petition to annul the probated testament, movers seek to have the deceased’s testament declared null and void and have each heir placed in possession of one-third of the estate. In the alternative, the movers request that the testamentary dispositions to Sheryl Coombs be reduced to the extent that they impinge upon their forced portions, and the testamentary disposition to each mover be increased to $39,855.00.
ASSIGNMENTS OF ERROR
Movers assign as errors the trial court’s ruling that forced heirship did not apply because the decedent was not domiciled in Louisiana at the time of his death, and that the laws of this state did not apply to the immov-ables located in Louisiana.
This court detailed the well established standard for the peremptory exception of no cause of action in Kuehn v. Calcasieu Parish School Bd., 94-727, pp. 4-5 (La.App. 3 Cir. 12/7/94), 647 So.2d 544, 546, writ denied, 95-0049 (La. 3/17/95), 651 So.2d 267:
The peremptory exception of no cause of action is a procedural device which tests the legal sufficiency of the petition and for purposes of the trial of the exception, all well-pleaded allegations of fact are accepted as true and correct and for purposes of its determination, all doubts are resolved in favor of the sufficiency of the petition. La.Code Civ.P. art. 931; State, DOTD v. Estate of Payne, 586 So.2d 737, 738 (La.App. 3d Cir.1991). Every reasonable interpretation must be accorded its language in favor of maintaining the sufficiency of the ^petition and affording the litigant an opportunity to present his evidence. Kuebler v. Martin, 578 So.2d 118 (La.1991).
The test of legal sufficiency is whether under the allegations of the petition the law affords any remedy for the grievance asserted. Sommers v. Secretary, Department of Revenue & Taxation, 593 So.2d 689 (La.App. 1st Cir.1991), writ denied, 594 So.2d 877 (1992). For purposes of ruling on an exception of no cause of action, the court must sustain the exception only if the law affords no remedy under any evidence admissible under the pleadings. Bellah v. State Farm Fire & Casualty Insurance Co., 546 So.2d 601 (La.App. 3d Cir.1989).
To test the legal sufficiency of the cause of action in the instant ease, we must look only to the petition of the movers. No evidence can be introduced to support or controvert the objection that the petition fails to state a cause of action. La.Code Civ.P. art. 931; Weber v. State, 93-0062 (La. 4/11/94), 635 So.2d 188. Thus, we cannot consider the testimony taken in this matter to determine whether or not the movers’ petition states a cause of action.
La.Code Civ.P. art. 3393(B) provides that after rendition of a judgment of possession by a court of competent jurisdiction, the court may direct the succession be reopened if other property is discovered or for any other proper cause upon the petition of any interested person. “Judgments of possession are often amended when additional property is discovered or a will is located. However, *1061 the jurisprudence reveals that judgments of possession are rarely amended for other grounds.” Estate of Sylvester, 93-731 (La.App. 3 Cir. 2/2/94), 631 So.2d 614, 619. It has been held that successions are not reopened to allow for the assertion of forced heirship rights. Succession of Lasseigne, 488 So.2d 1303 (La.App. 3 Cir.1986). However, in the recent case of Succession of Villarrubia, 95-346 (La.App. 4 Cir. 9/28/95), 662 So.2d 85, writ granted, 95-2610 (La. 1/12/96); 666 So.2d 312, in one of those rare instances, a succession was reopened and a petitioner was allowed to assert his claim as a forced heir.
_yLa.Civ.Code art. 38 provides that “[t]he domicile of each citizen is in the parish wherein he has his principal establishment.” Principal establishment is the equivalent of habitual residence. Id. A person can change his domicile by residing elsewhere, combined with the intent to make that his domicile. La.Civ.Code art. 41. Intent can be proved by either a written declaration, or in the absence of such, by factual circumstances. La.Civ.Code arts. 42 and 43. A person’s domicile does not change until another domicile is established. Blackwell v. Blackwell, 606 So.2d 1355 (La.App. 2 Cir. 1992). The physical presence of the person in the new domicile, coupled with the present intent to permanently reside there, is required to change a person’s domicile. Messer v. Loudon, 438 So.2d 546 (La.1983). Finally, there is a presumption against a change in domicile, and the burden of proof is on the party alleging that a change of domicile has occurred. Blackwell, 606 So.2d 1355. See also, Messer, 438 So.2d 546, and Ober v. Bounds, 528 So.2d 247 (La.App. 3 Cir.1988).
Clearly, the allegations, when accepted as true and correct and when all doubt is resolved in favor of the movers, state a cause of action from which relief can be granted. Of course, the movers at the trial on the merits must prove the allegations of the petition essential to their cause of action in order to prevail. Weber, 635 So.2d 188.
We, therefore, find that the movers have a remedy under the “other proper cause” language set forth in La.Code Civ.P. art. 3393(B). We find their petition alleges sufficient facts to state a cause of action under the applicable law. The petition alleges that they are the daughter and granddaughter of the deceased and, as such, forced heirs. It further alleges that the terms of the will infringed on their | slegitime as forced heirs. Finally, the petition alleges that the deceased was domiciled in Louisiana at the time of his death.
CONCLUSION
For the foregoing reasons, we find the petition of Sheila Rogers and Michelle Stra-ziscar states a cause of action, therefore, the decision of the trial judge is reversed and the case is remanded to the trial court for further proceedings. The costs of this appeal are taxed to Sheryl Coombs.
REVERSED AND REMANDED.

. Michelle Straziscar is the only child of William Muse, who predeceased the decedent.