ON REHEARING
hPER CURIAM.
This court granted a rehearing to further consider the permanent injunction issued by the trial court in this matter. Irreparable injury is not present for the reasons stated in the original opinion. However, there is a narrow exception for the issuance of injunctive relief, absent irreparable injury, when a prohibitory statute is violated. See Louisiana Associated General Contractors, Inc. v. Calcasieu Parish School Bd., 586 So.2d 1354 (La.1991) and Legislation in Support of Animals v. Vermilion Parish Police Jury, 617 So.2d 1243 (La.App. 3rd Cir.1993).
As noted in our original opinion, the defendant wood company violated the provisions of La. R.S. 3:4278.2(E), which mandates that the buyer’s failure to comply with its statutory provisions shall be prima facie evidence of the buyer’s intent to commit theft of the timber. Therefore, we construe La. R.S. 3:4278.2 to be a prohibitory statute. Based upon the defendant wood company’s failure to comply with this prohibitory statute, we find, upon reconsideration, that the trial court properly granted a permanent injunction.
In their application for rehearing, plaintiffs correctly note that the expert testimony in the record was presented by them, not the defendant wood company. In light of this court’s decision on rehearing, this is not significant to the resolution of this case.
The only relief sought by plaintiffs in their original and amended petitions was a declaratory judgment that La. R.S. 3:4278.2 is unconstitutional and for injunc-tive relief. The ruling by the supreme court that the matter can be resolved without addressing the constitutionality of the statute denied plaintiffs’ demand for a declaratory judgment. Plaintiffs asked for no money damages.
Plaintiffs’ request for rescission of the timber sale as lesionary was alternative relief requested only if the defendant wood company was held to have complied with the provisions of the statute. In light of this court’s conclusions that |gthe defendant wood company violated the provisions of La. R.S. 3:4278.2 and that the trial court properly issued the permanent injunction, a remand for consideration of that issue is not necessary.

DECREE

The Louisiana Supreme Court previously vacated that portion of the trial court’s judgment which declared La. R.S. 3:4278.2 unconstitutional and remanded the matter to this court for consideration of the other issues. Having considered those issues, we affirm, except for that portion previously vacated by the supreme court, the judgment of the trial court at the costs of defendant.
*664 EXCEPT AS PREVIOUSLY VACATED BY THE SUPREME COURT, AFFIRMED.