hTHIBODEAUX, Judge.
Plaintiffs, Charles Kuehn and Otis Oxley, appeal a judgment of the trial court which granted an exception of no cause of action in favor of the Calcasieu Parish School Board. Kuehn and Oxley are employees of the Cal-casieu Parish School Board (Board) who contend that their local salary supplements were underpaid by the Board for the school years 1988-89, 1989-90, and 1990-91 in violation of La.R.S._[2l7:421.3(D) and 17:421.5(B),[1] the statutes which govern the minimum salary schedule for teachers and administrators or other certified personnel, respectively. Their local salary supplements, they claim, should not have been decreased from their 1987-88 levels.
The trial court disagreed and concluded that these statutory provisions prohibited the redirection of local funds which were already being used by the Board for teachers and administrators as a class. The statutes did not freeze an individual’s local supplemental pay to its 1987-88 level. As a matter of law, the statutes did not afford any relief to Kuehn and Oxley.
We agree and affirm the judgment of the trial court for the following reasons.

ISSUE

The sole issue which we shall address is whether the prohibition against the redirection of the funds of any parish school board used for supplemental salary to teachers, administrators, or certified personnel applies *546 to individually covered employees or to a class of certified employees.
|3Eecause of our decision that La.R.S. 17:421.3(D) and 17:421.5(B) do not apply to Mr. Kuehn and Mr. Oxley individually, we pretermit a decision on the retroactive or prospective effect of these statutes.

FACTS

Kuehn alleges that he was employed as the Director of Warehousing and Energy Management by the School Board during the 1987 through 1990-91 school years and worked 240 days per year. Oxley alleges that he was and continues to be employed as a Vocational Technical Industrial Education teacher during those school years and works as an eleven month employee, or 220 days per school year. Each holds a teaching certificate and master’s degree and met the minimum qualifications of their positions of employment at all pertinent times.
Kuehn and Oxley claim that the School Board failed to pass on to them the full amount of the legislatively mandated pay raises by reducing the amount of their local salary supplements from their 1987-88 levels.
• Kuehn and Oxley assert that in 1988, the legislature amended La.R.S. 17:421.3, to provide for “across the board” salary increases for all teachers, and that the amended statute further provided for mandatory incremental raises in successive years based upon the teacher’s number of service years and the highest degree obtained by the teacher. Kuehn and Oxley further assert that pursuant to La.R.S. 17:421.5, any certified or licensed employee whose job requires that he be certified or licensed must be paid in accordance with the salary schedule as set forth in La.R.S. 17:421.3, which is based on 180 working days.
The language of La.R.S. 17:421.3(D) and 17:421.5(B) demonstrates a legislative intent to ensure that the full amount of the legislatively mandated salary increase was passed on to the specified employees. Kuehn and Oxley allege in their Upetition that the School Board decreased the amount of their local salary supplement and thereby reduced then-net salary increase. Kuehn claims to have been underpaid a total of $5,842.93, and Ox-ley claims . an underpayment total of $5,077.83.
In 1988 or 1989, the School Board adjusted its local supplemental salary schedule of certain administrative level employees, including plaintiffs, with the objective of eliminating the inconsistent progression of the old salary schedule. The purpose of the adjustment was to equalize certain administrative salaries. According to the plaintiffs’ petition, the School Board’s salary equalization attempts reduced their local salary supplements from the previous 1987-88 fiscal year.
The trial court reasoned that the redirection prohibition applied only to the total amount of local supplemental funds used to pay all employees and not to the amount of local supplemental funds paid to any particular employee; therefore, the plaintiffs had no cause of action under the La.R.S. 17:421.5. The court did not reach the issue of whether La.R.S. 17:421.5(B) applies to the years in question mentioned above.

LAW AND DISCUSSION

The peremptory exception of no cause of action is a procedural device which tests the legal sufficiency of the petition and for purposes of the trial of the exception, all well-pleaded allegations of fact are accepted as true and correct and for purposes of its determination, all doubts are resolved in favor of sufficiency of the petition. La.Code Civ.P. art. 931; State, DOTD v. Estate of Payne, 586 So.2d 737, 738 (La.App. 3d Cir.1991). Every reasonable interpretation must be accorded its language in favor of maintaining the sufficiency of the petition and affording the litigant an opportunity to present his evidence. Kuebler v. Martin, 578 So.2d 113 (La.1991).
IsThe test of legal sufficiency is whether under the allegations of the petition the law affords any remedy for the grievance asserted. Sommers v. Secretary, Department of Revenue & Taxation, 593 So.2d 689 (La.App. 1st Cir.1991), writ denied, 594 So.2d 877 (1992). For purposes of ruling on an exception of no cause of action, the court must sustain the exception only if the law *547 affords no remedy under any evidence admissible under the pleadings. Bellah v. State Farm Fire & Casualty Insurance Co., 546 So.2d 601 (La.App. 3d Cir.1989).
Applying the foregoing legal principles to the facts of this case, we conclude that the law does not afford Kuehn and Oxley the remedy they seek. The allegations of Kuehn’s and Oxley’s petition are clearly insufficient to state a cause of action against the School Board. La.R.S. 17:421.3(D) and 17:421.5(B) specifically prohibit the redirection to other purposes of the funds used for supplemental salary payments to teachers and administrators after the effective dates of the statutes. Local school boards therefore, are required to maintain the overall funding level for supplemental salaries and cannot use the money for purposes other than salaries.
Before La.R.S. 17:421.3(D) was amended by Act 659 of 1988, it read:
Notwithstanding any other provision of law to the contrary, the funds of any parish or city school board heretofore used as supplemental salary shall continue to be passed on to the individual teacher.
The 1988 amendment deleted the modifying term “individual” in connection with the word “teacher.” It, according to the trial court, “moved the focus from the individual teacher to teachers as a class.” Consequently, “the legislative intent was to require local funds which were ... being used for salaries for teachers and administrators to be used for that purpose, and not be directed to other ... non-salary purposes.” We agree with this assessment by the trial judge. There is, therefore, no basis for Kuehn’s and | (¡Oxley’s individual claims for additional local salary supplements for the 1988-89, 1989-90, and 1990-91 school years.

CONCLUSION

For the reasons assigned, the judgment of the district court, sustaining the exception of no cause of action and dismissing plaintiffs’ suit at plaintiffs’ cost, is affirmed. Costs of this appeal are assessed to the Plaintiffs-AppeUants, Charles Kuehn and Otis Oxley.
AFFIRMED.
PETERS, J., dissents and assigns reasons.

. La.R.S. 17:421.3(D) states:
D. Notwithstanding any other provision of law to the contrary, the funds of any parish or ci1y school board used for supplemental salary to teachers shall continue to be paid to the teacher and shall hot be redirected to any other purpose.
La.R.S. 17:421.5(B) provides:
B. Notwithstanding any other provision of law to the contrary, the funds of any city or parish school board used for supplemental salary payments to school administrators as provided in Subsection A of this Section shall continue to be paid to the administrators and shall not be redirected to any other purpose.