Dear Senator Schedler:
I am in receipt of your request for an Attorney General's opinion on behalf of the Louisiana Association of Vocational Agriculture Teachers wherein you seek an Attorney General's opinion regarding public school boards redirecting local supplemental salaries paid previously to individual teachers. Specifically, you ask:
 May public school boards reduce local supplemental salaries paid previously to individual teachers?
 You indicate the following facts in your request:
 * The Tangipahoa Parish School Board employs vocational agriculture teachers to work for a twelve-month period.
 * Until the 1997-98 school year, these teachers received the state minimum salary plus a local salary supplement.
 * Until the 1997-98 school year, their salaries for the three summer months were based upon 12/9th of a regular teacher's salary which included the parish supplement.
 * Effective with the 1997-98 school year, Tangipahoa Parish School Board changed the method of calculating their salaries. Whereas their summer salary was previously based on 12/9th of the salary of a regular teacher, including the parish salary supplement, under the new method, their three-month salary is based only on the state minimum salary schedule portion. Therefore, for nine months, the vocational agriculture teachers receive both the state minimum salary schedule together with a local parish supplement, but for the three summer months they receive only the 12/9th minimum salary schedule portion.
LSA-R.S. 17:421.3 states the following in pertinent part concerning the minimum salary schedules for teachers:
 C. At no time after July 1, 1988, shall the salary of teachers covered by the provisions of this Section be less than the salary they received in 1987-1988; however, teachers who are absent for purposes of sick leave who present a medical certificate attesting to such illness, and those teachers on emergency leave, approved by the superintendent, shall receive the salary provided in the schedule herein, and those teachers on sabbatical leave shall receive the pay based on this schedule as authorized by R.S. 17:1184.
 D. Notwithstanding any other provision of law to the contrary, the funds of any parish or city school board used for supplemental salary to teachers shall continue to be paid to the teacher and shall not be redirected to any other purpose.
 E. (1) On and after August 15, 1993, the amount of the annual salary paid to any teacher in any school year shall not be reduced below the amount of such salary paid during the previous school year, nor shall the amount of the annual salary paid to any teacher be reduced at any time during an academic year.
 (2) The limitations on the reduction in the amount of the annual salary paid to any teacher shall not be applicable to the correction of any accounting errors or to a reduction necessitated by the elimination of a state program or state funding.
 (3) The provisions of this Subsection shall not apply to the reduction of any local salary supplement funded, in whole or in part, from a revenue source requiring voter approval when such voter approval has not been obtained.
 F. Any increase in the expenditures of a city or parish school board resulting from a change to the minimum salary schedule for teachers provided by this Section shall be fully funded by the state. Such funds shall be made available to the city or parish school board.
 G. Notwithstanding any other provision of law to the contrary, any state monies allocated to a city or parish school board pursuant to an appropriation funding the state Minimum Foundation Program shall be used first to fully implement the provisions of this Section applicable to any teacher who holds a valid Louisiana teaching certificate and whose primary responsibility is to provide instruction on a daily basis to students in a classroom setting, and such funds shall not be directed by a city or parish school board to any other purpose until such time as the board has complied with the requirements of this Subsection.
LSA-R.S. 17:422 states the following in pertinent part concerning additional compensation or increased increments for teachers of federal, agricultural, and industrial arts programs:
 A. Nothing contained in R.S. 17:421 shall prevent parish or city school boards from providing additional compensation or increased increments, for special teachers, such as principals, assistant principals, coaches, librarians, agriculture teachers, home economics teachers, music teachers, or any other teachers; and furthermore the parish and city school boards shall provide that no teacher will receive less than the salary received during 1955-1956 for 9 months' work.
 B. (1) All vocational agriculture teachers employed by a parish or city school board shall teach a twelve-month program for a twelve-month budget period and shall be paid a salary at the same monthly rate as provided in the minimum salary schedule contained in R.S. 17:421.3. No parish or city school board shall change the vocational agriculture program without approval by the State Board of Elementary and Secondary Education. The vocational agriculture program shall include but not be limited to recognized co-curricular activities to be supervised by vocational agriculture teachers during the summer months such as those offered by the Future Farmers of America organization or other appropriate organization that provides summer occupational experiences, leadership programs, statewide judging contests, and youth conventions.
In Attorney General Opinion 97-64, our office opined that the agriculture teachers and other teachers as delineated in LSA-R.S. 17:422, Section A, shall be paid a salary at the same monthly rate as provided in the minimum salary schedule in LSA-R.S. 17:421.3. We also stated that a salary supplement is not just a one-time pay raise. However, we concluded that a pay supplement has no effect on the minimum salary schedule and therefore there is no legislative requirement that a teacher's pay supplement reflect the extended work contracts of 9, 10, 11 and 12 monthly contracts.
In Kuhn v. Calcasieu Parish School Board, 647 So.2d 544
(La.App. 3rd Cir. 1994), parish school board employees brought suit against the school board contending their local salary supplements were underpaid in violation of LSA-R.S. 17:421.3 and LSA-R.S. 17:421.5(B).
 The trial court disagreed and concluded:
 . . . [t]hat these statutory provisions prohibited the redirection of local funds which were already being used by the Board for teachers and administrators as a class. The statutes did not freeze an individual's local supplemental pay to its 1987-88 level. As a matter of law, the statutes did not afford any relief to Kuehn and Oxley.
On appeal, the court stated that local school boards are required to maintain the overall funding level for supplemental salaries and cannot use the money for purposes other than salaries. The court looked at the language of LSA-R.S.17:421.3(D) prior to its amendment by Act 659 of the 1988 legislative session which stated:
 Notwithstanding any other provision of law to the contrary, the funds of any parish or city school board heretofore used as supplemental salary shall continue to be passed on to the individual teacher.
 The court concluded:
 The 1988 amendment deleted the modifying term "individual" in connection with the word "teacher." It, according to the trial court, "moved the focus from the individual teacher to teachers as a class." Consequently, "the legislative intent was to require local funds which were . . . being used for salaries for teachers and administrators to be used for that purpose, and not be directed to other . . . non-salary purposes."
In the facts you have provided, it appears that the salaries that the teachers-in-question are receiving is in compliance with the minimum salary schedule in LSA-R.S. 17:421.3. Therefore, in response to your question, a city or parish school board may redirect an individual teacher's local supplemental pay, if the amount is redirected to other members of the class or it is within one of the exceptions noted in LSA-R.S. 17:421.3, and no tenure or contract right of the teacher is violated. Additionally, as discussed in Attorney General Opinion 97-64, there is no legislative requirement that a teacher's local pay supplement be included within any extended work contracts of 10, 11 and 12 months. LSA-R.S. 17:422(B)(1) requires only that 12 month vocational agriculture teachers be paid "a salary at the same monthly rate as provided in the minimum salary schedule."
I hope this opinion has sufficiently addressed your concerns.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: BETH CONRAD LANGSTON ASSISTANT ATTORNEY GENERAL
RPI/BCL/sc
99-312.op