Dear Senator Fields:
I am in receipt of your request for an Attorney General's opinion concerning the following:
 May a public school board redirect local supplemental salaries previously paid to individual teachers?
You state the following facts in your request:
 The Tangipahoa Parish School Board employees Vocational Agriculture teachers to work on a twelve month basis. Until the 1997-98 school year, these teachers received the state minimum salary plus a local parish settlement. Until the 1997-98 school year, their salary over the three summer months was based upon 12/9 of the regular teacher salary, which included the parish supplement.
 Effective the 1997-98 school year, the Tangipahoa Parish School Board changed the method of calculating their salary. Whereas their summer salary was previously based upon 12/9 of the salary of a regular teacher, including the supplement, under the new formula, this three month salary is based only upon the state minimum salary schedule. Therefore, for nine months, Vocational Agriculture teachers receive both the state minimum salary schedule together with a parish supplement, but for three months, they receive only 12/9 salary based only upon the state minimum salary schedule.
 Due to other salary increases, the total amount of their annual salary was not reduced. However, salary that they previously received in the form the parish supplement began to be redirected to other purposes.
In Attorney General Opinion No. 99-312, we were presented with these identical facts and addressed this specific issue for the Tangipahoa Parish School Board. This opinion is still the opinion of our office. Attached please find a copy of this opinion.
You express some concern about LSA-R.S. 17:421.3(E)(1) and the effect it might have concerning this matter. The language currently found in LSA-R.S. 17:421.3(E)(1) was enacted by Act 1993, No. 398 § 1 which would have been enacted prior to the ruling of Kuehn v. Calcasieu Parish School Board, 647 So.2d 544
(La.App. 3d Cir. 1994) as well as prior to the release of Attorney General Opinion Numbers 97-64 and 99-312.
In the present case you have indicated that the amount of the annual salary paid to the teachers in any school year has not been reduced below the amount of such salary paid during the previous year. Also, the amount of the annual salary paid to any teacher has not been reduced during the academic year. Therefore, there is not violation of LSA-R.S. 17:421.3(E)(1).
As discussed in Attorney General Opinion No. 97-64:
 "[t]here is no legislature requirement that a teacher's local pay supplement be included within any extended work contracts of 10, 11 and 12 months. LSA-R.S. 17:422(B)(1) requires only that 12 month vocational agriculture teachers be paid a salary at the same monthly rate as provided in the minimum salary schedule.
I hope this opinion sufficiently addresses your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: BETH CONRAD LANGSTON ASSISTANT ATTORNEY GENERAL
 March 25, 1997 OPINION NUMBER 97-64 96 — SCHOOLS AND SCHOOL DISTRICTS — FISCAL MANAGEMENT, DEPARTMENT OF SECURITIES AND TAXATION LSA-R.S. 17:421.3
LSA-R.S. 17:422 A and B
 1) LSA-R.S. 17:422 requires that teachers on 10, 11 and 12 month contracts paid a salary at the same monthly rate as nine month teachers. That is, they are to be paid a salary at the same monthly rate as provided in the minimum salary schedule in LSA-R.S. 17:421.3.
 2) There is no legislative requirement that the teacher's pay supplement of the 1995-1996 Regular Legislative Session reflect the extended work contracts of 9, 10, 11 and 12 month contracts.
3) Without knowing any specifics Mr. Allen R. Miller concerning future salaries of LVATA President teachers, our office is unable to 1000 Renaud Drive, Lot 104 address whether teacher's salaries Scott, Louisiana 70583 with extended work contracts should reflect such additional working Dear Mr. Miller: periods.
I am in receipt of your request for an Attorney General's Opinion on behalf of the state wide organization of the Agriscience/Agribusiness/FFA instructors concerning the salary payments of teachers who have contracts other than nine months. You have indicated that some teachers in Louisiana have contracts of 10, 11 and 12 months. You ask the following questions:
 1. Are teachers on 10, 11 and 12 month contracts paid on the same basis as nine month teachers? (9/12th; or 10/12th or 12/12th?)
 2. Should the teacher's pay supplement of the 1995-96 Regular Legislative Session reflect the extended work contracts and be paid in equal amounts on a 12/12th basis to teachers of 12 month contracts?
 3. Will future teachers' salaries of 10, 11 and 12 month contracts reflect the extended work contracts and be paid on a 10/12th, 11/12th and 12/12th basis?
In response to your first question, LSA-R.S. 17:422 A and B provide as follows:
 A. Nothing contained in R.S. 17:421 shall prevent parish or city school boards from providing additional compensation or increased increments, for special teachers, such as principals, assistant principals, coaches, librarians, agriculture teachers, home economics teachers, music teachers, or any other teachers; and furthermore the parish and city school boards shall provide that no teacher will receive less than the salary received during 1955-1956 for 9 months' work.
 B. (1) All vocational agriculture teachers employed by a parish or city school board shall teach a twelve-month program for a twelve-month budget period and shall be paid a salary at the same monthly rate as provided in the minimum salary schedule contained in R.S. 17:421.3. No parish or city school board shall change the vocational agriculture program without approval by the State Board of Elementary and Secondary Education. The vocational agriculture program shall include but not be limited to recognized co-curricular activities to be supervised by vocational agriculture teachers during the summer months such as those offered by the Future Farmers of America organization or other appropriate organization that provides summer occupational experiences, leadership programs, statewide judging contests and youth conventions. (Emphasis added).
Therefore, the answer to your first question is in the affirmative. As indicated in LSA-R.S. 17:422, Section B, these teachers shall be paid a salary at the same monthly rate as provided in the minimum salary schedule in LSA-R.S. 17:421.3.
In your second question, you have indicated that a pay supplement was given to teachers in 1995-96. As defined in Black's Law Dictionary, "supplemental" is defined as "[t]hat which is added to a thing to complete it." By definition and as you have confirmed, the pay supplement in question is pay received by employees on a continuous basis. That is, it is not a one-time pay raise.
You have asked whether this pay supplement should reflect the extended work contracts of teachers and be paid in equal amounts on a 12/12th basis to teachers of 12 month contracts. I have spoken with Joey Bielkiewicz, the Director of the Bureau of Educational Finance Services with the Department of Education and he has indicated that this pay supplement has no effect on the minimum salary schedule. Since LSA-R.S. 17:422B(1) states that all vocational agriculture teachers shall be paid a salary at the same monthly rates as provided in the minimum salary schedule, there is no legislative requirement that the teachers' pay supplement for the 1995-1996 regular legislative session reflect the extended work contracts of 9, 10, 11 and 12 month contracts.
In response to your third question, our office is unable to address it at this time without knowing any specifics concerning future salaries of teachers.
I hope this opinion sufficiently addresses your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _________________________ BETH CONRAD LANGSTON ASSISTANT ATTORNEY GENERAL
RPI/BCL/sc
 October 21, 1999 OPINION NUMBER 99-312 96 — SCHOOLS AND SCHOOL DISTRICTS — FISCAL MANAGEMENT, DEPARTMENT OF SECURITIES AND TAXATION
 LSA-R.S. 17:421.3
LSA-R.S. 17:422
A city or parish school board may redirect an individual teacher's local supplemental pay, if the The Honorable Tom Schedler amount is redirected to other Louisiana State Senator members of the class or it is P.O. Box 1656 within one of the exceptions Slidell, Louisiana 70459-1656 noted in LSA-R.S. 17:421.3, and no tenure or contract right Dear Senator Schedler: of the teacher is violated.
I am in receipt of your request for an Attorney General's opinion on behalf of the Louisiana Association of Vocational Agriculture Teachers wherein you seek an Attorney General's opinion regarding public school boards redirecting local supplemental salaries paid previously to individual teachers. Specifically, you ask:
 May public school boards reduce local supplemental salaries paid previously to individual teachers?
 You indicate the following facts in your request:
 * The Tangipahoa Parish School Board employs vocational agriculture teachers to work for a twelve-month period.
 * Until the 1997-98 school year, these teachers received the state minimum salary plus a local salary supplement.
 * Until the 1997-98 school year, their salaries for the three summer months were based upon 12/9th of a regular teacher's salary which included the parish supplement.
 * Effective with the 1997-98 school year, Tangipahoa Parish School Board changed the method of calculating their salaries. Whereas their summer salary was previously based on 12/9th of the salary of a regular teacher, including the parish salary supplement, under the new method, their three-month salary is based only on the state minimum salary schedule portion. Therefore, for nine months, the vocational agriculture teachers receive both the state minimum salary schedule together with a local parish supplement, but for the three summer months they receive only the 12/9th minimum salary schedule portion.
LSA-R.S. 17:421.3 states the following in pertinent part concerning the minimum salary schedules for teachers:
 C. At no time after July 1, 1988, shall the salary of teachers covered by the provisions of this Section be less than the salary they received in 1987-1988; however, teachers who are absent for purposes of sick leave who present a medical certificate attesting to such illness, and those teachers on emergency leave, approved by the superintendent, shall receive the salary provided in the schedule herein, and those teachers on sabbatical leave shall receive the pay based on this schedule as authorized by R.S. 17:1184.
 D. Notwithstanding any other provision of law to the contrary, the funds of any parish or city school board used for supplemental salary to teachers shall continue to be paid to the teacher and shall not be redirected to any other purpose.
 E. (1) On and after August 15, 1993, the amount of the annual salary paid to any teacher in any school year shall not be reduced below the amount of such salary paid during the previous school year, nor shall the amount of the annual salary paid to any teacher be reduced at any time during an academic year.
 (2) The limitations on the reduction in the amount of the annual salary paid to any teacher shall not be applicable to the correction of any accounting errors or to a reduction necessitated by the elimination of a state program or state funding.
 (3) The provisions of this Subsection shall not apply to the reduction of any local salary supplement funded, in whole or in part, from a revenue source requiring voter approval when such voter approval has not been obtained.
 F. Any increase in the expenditures of a city or parish school board resulting from a change to the minimum salary schedule for teachers provided by this Section shall be fully funded by the state. Such funds shall be made available to the city or parish school board.
 G. Notwithstanding any other provision of law to the contrary, any state monies allocated to a city or parish school board pursuant to an appropriation funding the state Minimum Foundation Program shall be used first to fully implement the provisions of this Section applicable to any teacher who holds a valid Louisiana teaching certificate and whose primary responsibility is to provide instruction on a daily basis to students in a classroom setting, and such funds shall not be directed by a city or parish school board to any other purpose until such time as the board has complied with the requirements of this Subsection.
LSA-R.S. 17:422 states the following in pertinent part concerning additional compensation or increased increments for teachers of federal, agricultural, and industrial arts programs:
 A. Nothing contained in R.S. 17:421 shall prevent parish or city school boards from providing additional compensation or increased increments, for special teachers, such as principals, assistant principals, coaches, librarians, agriculture teachers, home economics teachers, music teachers, or any other teachers; and furthermore the parish and city school boards shall provide that no teacher will receive less than the salary received during 1955-1956 for 9 months' work.
 B. (1) All vocational agriculture teachers employed by a parish or city school board shall teach a twelve-month program for a twelve-month budget period and shall be paid a salary at the same monthly rate as provided in the minimum salary schedule contained in R.S. 17:421.3. No parish or city school board shall change the vocational agriculture program without approval by the State Board of Elementary and Secondary Education. The vocational agriculture program shall include but not be limited to recognized co-curricular activities to be supervised by vocational agriculture teachers during the summer months such as those offered by the Future Farmers of America organization or other appropriate organization that provides summer occupational experiences, leadership programs, statewide judging contests, and youth conventions.
In Attorney General Opinion 97-64, our office opined that the agriculture teachers and other teachers as delineated in LSA-R.S. 17:422, Section A, shall be paid a salary at the same monthly rate as provided in the minimum salary schedule in LSA-R.S. 17:421.3. We also stated that a salary supplement is not just a one-time pay raise. However, we concluded that a pay supplement has no effect on the minimum salary schedule and therefore there is no legislative requirement that a teacher's pay supplement reflect the extended work contracts of 9, 10, 11 and 12 monthly contracts.
In Kuhn v. Calcasieu Parish School Board, 647 So.2d 544
(La.App. 3rd Cir. 1994), parish school board employees brought suit against the school board contending their local salary supplements were underpaid in violation of LSA-R.S. 17:421.3 and LSA-R.S. 17:421.5(B).
 The trial court disagreed and concluded:
 . . . [t]hat these statutory provisions prohibited the redirection of local funds which were already being used by the Board for teachers and administrators as a class. The statutes did not freeze an individual's local supplemental pay to its 1987-88 level. As a matter of law, the statutes did not afford any relief to Kuehn and Oxley.
On appeal, the court stated that local school boards are required to maintain the overall funding level for supplemental salaries and cannot use the money for purposes other than salaries. The court looked at the language of LSA-R.S.17:421.3(D) prior to its amendment by Act 659 of the 1988 legislative session which stated:
 Notwithstanding any other provision of law to the contrary, the funds of any parish or city school board heretofore used as supplemental salary shall continue to be passed on to the individual teacher.
 The court concluded:
 The 1988 amendment deleted the modifying term "individual" in connection with the word "teacher." It, according to the trial court, "moved the focus from the individual teacher to teachers as a class." Consequently, "the legislative intent was to require local funds which were . . . being used for salaries for teachers and administrators to be used for that purpose, and not be directed to other . . . non-salary purposes."
In the facts you have provided, it appears that the salaries that the teachers-in-question are receiving is in compliance with the minimum salary schedule in LSA-R.S. 17:421.3. Therefore, in response to your question, a city or parish school board may redirect an individual teacher's local supplemental pay, if the amount is redirected to other members of the class or it is within one of the exceptions noted in LSA-R.S. 17:421.3, and no tenure or contract right of the teacher is violated. Additionally, as discussed in Attorney General Opinion 97-64, there is no legislative requirement that a teacher's local pay supplement be included within any extended work contracts of 10, 11 and 12 months. LSA-R.S. 17:422(B)(1) requires only that 12 month vocational agriculture teachers be paid "a salary at the same monthly rate as provided in the minimum salary schedule."
I hope this opinion has sufficiently addressed your concerns.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: BETH CONRAD LANGSTON ASSISTANT ATTORNEY GENERAL
RPI/BCL/sc