Dear Mr. Katz:
I am in receipt of your request for an Attorney General's opinion on behalf of the Morehouse Parish School Board. You seek an opinion concerning the following:
 1. Is it lawful for the Morehouse Parish School Board to pay teachers and support personnel who are employed at the three schools within the East Morehouse School District of the Parish of Morehouse salary and/or benefits from the receipt of taxes generated within the East Morehouse School District, greater than it pays teachers and support personnel otherwise employed by the Morehouse Parish School Board performing like duties at other schools operated by it?
 2. If the answer to question 1 is in the affirmative, if a teacher receives the higher pay as a result of being employed in one of the schools located in the East Morehouse School District of the Parish of Morehouse, if that teacher is transferred to another school operated by the Morehouse Parish School Board which is not located within the East Morehouse School District of the Parish of Morehouse, may the teacher's salary be reduced to that paid other teachers employed by the Morehouse Parish School Board?
 3. If the answer to question 1 is in the affirmative, if a school employee who is not a teacher receives the higher pay as a result of being employed in one of the schools located in the East Morehouse School District of the Parish of Morehouse, if that school employee who is not a teacher is transferred to another school operated by the Morehouse Parish School Board which is not located within the East Morehouse School District of the Parish of Morehouse, may the employee's salary be reduced to that paid other like employees employed by the Morehouse Parish School Board?
LSA-R.S. 17:81 sets forth the general powers of a city and parish school board which includes the following:
 A. (1) Each city and parish school board shall determine the number of schools to be opened, the location of school houses, the number of teachers to be employed, and select teachers and all other certified personnel from recommendations made by the city or parish superintendent as required by this Subsection. The boards shall have authority to employ teachers by the month or by the year, and to fix their salaries; provided that there shall be no discrimination as to sex in the fixing thereof and provided further, that it is not the purpose of this Section to require or direct the reduction of any salary, or salary schedule, presently in force. The boards shall see that the provisions of the state school law are complied with.
In Mouras v. Jefferson Parish School Board, 300 So.2d 540 (4th Cir. 1974) writ denied in 302 So.2d 619 (La. Nov. 15, 1974) (No. 55450), the Fourth Circuit Court of Appeal addressed the issue of whether a parish school board's reduction of the local salary supplement of public school principals was a disciplining, removal or demotion prohibited by the teacher tenure law. The court of appeal affirmed the ruling of the trial court that it was not. The Court stated:
 [1] We conclude that the board's power to `fix their salaries' under R.S. 17:81 includes the power to increase or decrease teachers' salaries, except insofar as R.S. 17:421 provides a `minimum salary schedule.'
 [2] The authority to reduce salaries is not of itself inconsistent with the teacher tenure law's protection against a teacher's being improperly `disciplined, removed or demoted,' R.S. 17:444. (Emphasis added)
The Court held that the reduction of salaries for an entire category of principals was not a demotion.
Additionally, in Attorney General Opinion No. 94-569 our office opined the following:
 It is the opinion of this office that the Plaquemines Parish School Board has the legal authority to offer teachers at certain schools within the district housing at a nominal rate as a salary supplement or a salary supplement itself, to attract teachers in areas where there is a shortage of housing. Since school boards are at liberty to fix teachers salaries, except the salary provided by the minimum salary schedule, and since it appears that all teachers within each school are treated similarly, no violation of the law has occurred.
You mention Attorney General Opinion No. 99-81 in your opinion request. Unlike the present situation which involves supplemental pay to a class of teachers, 99-81 involves supplemental pay to an individual teacher or coach.
Therefore, in answer to your first question, it is lawful for the Morehouse Parish School Board to pay teachers and support personnel who are employed at the three schools within the East Morehouse School District of the Parish of Morehouse a salary supplement from the receipt of taxes generated within the East Morehouse School District, greater than it pays teachers and support personnel otherwise employed by the Morehouse Parish School Board performing like duties at other schools operated by it.
In response to your second question, LSA-R.S. 17:421.5 states the following in pertinent-part:
 A. Notwithstanding any other provision of law, no city or parish school board shall reduce the salary of any public elementary or secondary school teacher or any group thereof without first holding a public hearing for the purpose of allowing such teacher to appear and be heard at least thirty days before the reduction in salary shall occur. Notice of the meeting shall be published at least thirty days prior to the meeting in the official journal of the parish where the city or parish school board is located. (Emphasis added)
Additionally, LSA-R.S. 17:421.3 sets forth the minimum salary schedule for teachers. The following sections of that statute provide:
 D. Notwithstanding any other provision of law to the contrary, the funds of any parish or city school board used for supplemental salary to teachers shall continue to be paid to the teacher and shall not be redirected to any other purpose.
 E. (1) On and after August 15, 1993, the amount of the annual salary paid to any teacher in any school year shall not be reduced below the amount of such salary paid during the previous school year, nor shall the amount of the annual salary paid to any teacher be reduced at any time during an academic year.
 (2) The limitations on the reduction in the amount of the annual salary paid to any teacher shall not be applicable to the correction of any accounting errors or to a reduction necessitated by the elimination of a state program or state funding.
 (3) The provisions of this Subsection shall not apply to the reduction of any local salary supplement funded, in whole or in part, from a revenue source requiring voter approval when such voter approval has not been obtained.
As discussed in Attorney General Opinion No. 94-569, the housing offered to the teachers at a nominal rate is a salary supplement. Likewise, the increase in monies given to the teachers in the East Morehouse School District from property and sales taxes generated within East Morehouse School District is also considered a salary supplement instead of the minimum salary as discussed in LSA-R.S.17:421.3.
In Attorney General Opinion No. 99-312, our office addressed the issue of whether a city or parish school board may redirect an individual teacher's local supplemental pay if the amount is redirected to other members of the class or it is within one of the exceptions noted in LSA-R.S. 17:421.3 and no tenure or contract right of the teacher is violated.
As discussed in Opinion No. 99-312:
 In Kuhn v. Calcasieu Parish School Board, 647 So.2d 544
(La.App. 3rd Cir. 1994), parish school board employees brought suit against the school board contending their local salary supplements were underpaid in violation of LSA-R.S. 17:421.3 and LSA-R.S. 17:421.5(B).
 The trial court disagreed and concluded:
 . . . [t]hat these statutory provisions prohibited the redirection of local funds which were already being used by the Board for teacher and administrators as a class. The statutes did not freeze an individual's local supplemental pay to its 1987-88 level. As a matter of law, the statutes did not afford any relief to Kuehn and Oxley.
 On appeal, the court stated that local school boards are required to maintain the overall funding for supplemental salaries and cannot use the money for purposes other than salaries. The court looked at the language of LSA-R.S. 17:421.3(D) prior to its amendment by Act 659 of the 1988 legislative session which stated:
 Notwithstanding any other provision of law to the contrary, the funds of any parish or city school board heretofore used as supplemental salary shall continue to be passed on to the individual teacher.
 The court concluded:
 The 1988 amendment deleted the modifying term "individual" in connection with the word "teacher." It, according to the trial court, "moved the focus from the individual teacher to teachers as a class." Consequently, "the legislative intent was to require local funds which were . . . being used for salaries for teachers and administrators to be used for that purpose, and not be directed to other . . . non-salary purposes."
Our office concluded the following in Opinion No. 99-312:
 In the facts you have provided, it appears that the salaries that the teachers-in-question are receiving are in compliance with the minimum salary schedule in LSA-R.S. 17:421.3. Therefore, in response to your question, a city or parish school board may redirect an individual teacher's local supplemental pay, if the amount is redirected to other members of the class or it is within one of the exceptions noted in LSA-R.S. 17:421.3, and no tenure or contract right of the teacher is violated.
In response to your second concern, If a teacher receives the higher pay as a result of being employed in one of the schools located in East Morehouse School District of the Parish of Morehouse, and if that teacher is transferred to another school operated by the Morehouse Parish School Board which is not located within the East Morehouse School District of the Parish of Morehouse, the teacher's salary supplement may be reduced to that paid to other teachers employed by the Morehouse Parish School Board.
In response to your third question, we must review LSA-R.S. 17:419.1 and LSA-R.S. 17:422.6. LSA-R.S. 17:419.1 states the following:
 The State Board of Elementary and Secondary Education shall formulate, develop, and recommend to the legislature, statewide minimum salary schedules for school support personnel. The board shall submit the recommended minimum salary schedules for such personnel to the House and Senate Committees on Education no later than March 1, 1993, for consideration by the legislature at the 1993 Regular Session. The recommended statewide minimum salary schedules shall include but need not be limited to instructional aides and paraprofessionals, school bus drivers, food service workers, school nurses, clerical, custodial and maintenance personnel, and any other employees of a parish or city school board or unclassified noninstructional employees of the state schools for the deaf, blind, spastic, and cerebral palsied and Special School District No. 1 who are not required to hold a teacher's certificate as a condition of employment, and shall be based on implementation beginning with the 1993-1994 school year, but only to the extent that state funds are provided for such implementation.
Although the Legislature has not passed a statewide Minimum Salary Schedule for school support personnel, many of the individual parishes have minimum salary schedules for school support personnel. After contacting your personnel office I have been informed that Morehouse Parish has a Minimum Salary schedule for your school support personnel. The schedule lists the annualized salary for each position and the increase in salary based on an employee's years of service.
LSA-R.S. 17:422.6 concerns the hourly wages or annual salary. It provides:
 A. Notwithstanding any other provisions of law to the contrary, the amount of the hourly wage or annual salary paid to any school employee shall not be reduced for any school year below the amount paid to the school employee in hourly wage or annual salary during the previous school year, nor shall the amount of the hourly wage or annual salary paid to any school employee be reduced at any time during an academic year.
 B. For purposes of this Section, the term "school employee" shall mean, without limitation, a teacher aide, paraprofessionals, school bus driver, food service worker, clerical, custodial, and maintenance personnel, and any other employee of a city or parish school board, of a state school for the deaf, blind, spastic, or cerebral palsied, or of State School District No. 1 who is not required to hold a teacher's certificate as a condition of employment.
 C. The provisions of this Section shall not apply to the reduction of any local salary funded, in whole or in part, from a revenue source requiring voter approval when such voter approval has not been obtained or when the reduction is necessary as a result of a decrease in revenues received from the production of or exploration for minerals, including severance taxes, royalty payments, bonus payments, or rentals.
 D. Nothing in this Section shall be construed to prevent local school boards from reducing personnel or staff as may be necessary.
 E. For purposes of this Section, local bonuses or one-time special salary increases shall not be considered as salary.
Since the increase that will be given to the school support personnel is not part of the Minimum Salary Schedule but is a salary supplement, a school employee located in the East Morehouse School District who transfers to another school operated by the School Board which is not located within East Morehouse Parish may have his salary supplement removed and base his salary on the salary schedule for school support personnel.
I hope this opinion has sufficiently addressed your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 RICHARD P . IEYOUB ATTORNEY GENERAL
 BY: ______________________________ BETH CONRAD ROBINSON ASSISTANT ATTORNEY GENERAL
RPI:BCR:sc